IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David Ray Tant, | ) | C/A No. 3:15-3001-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William Frick; South Carolina Office of the Attorney General; South Carolina Department of Probation, Parole, and Pardon Services; Larry Ray Patton, Jr.; John Does 1-5, *who are believed to be officers and/or employees of the South Carolina Department of Probation, Parole and Pardon Services*; Orton Bellamy; C. David Baxter; Henry S. Eldridge; Marvin Stevenson; Norris Ashford; Beverly Rice McAdams; Solicitor's Office for the Sixth Judicial Circuit; and South Carolina Department of Corrections, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) | |

Plaintiff David Ray Tant, a former state prisoner, filed this action stemming from the alteration of his sentence following a criminal conviction. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on a motion to dismiss filed by Defendant South Carolina Department of Corrections ("SCDC") (ECF No. 11), to which Tant responded in opposition (ECF No. 19) and SCDC replied (ECF No. 22). Tant raises several claims; however, the only claim at issue in the motion before the court is Tant's "Ninth Cause of Action" seeking attorney's fees and costs pursuant to S.C. Code Ann. § 15-77-300 against Defendants SCDC and South Carolina Department of Probation, Parole and Pardon Services. Having carefully considered the parties' submissions and the applicable law, the court concludes that SCDC's motion should be granted.

**BACKGROUND**

This case has a lengthy history, including previous litigation in this court.[1]  (See C/A No. 3:12-3020-JFA-PJG.)  As previously summarized by this court, in 2004 Tant pled guilty to assault and battery of a high and aggravated nature, possession of a dangerous animal, and numerous counts of animal fighting.  This case was prosecuted by the South Carolina Office of the Attorney General, specifically Jennifer Evans, Esquire and William Frick, Esquire.  SCDC recorded Tant's sentence as fifteen years' imprisonment, which purportedly provided for parole eligibility in September 2007.  SCDC later determined that the sentencing judge intended to sentence Tant to forty years' imprisonment and changed its records.  Tant alleges that he was informed of this change by SCDC around July 2007.  He administratively challenged the recalculation and ultimately the South Carolina Supreme Court determined that "Tant's sentences run concurrently for a total of fifteen years' imprisonment."  Tant v. S.C. Dep't of Corr., 759 S.E.2d 398, 399 (S.C. 2014).  The state Supreme Court further found that SCDC's alteration of Tant's sentence without affording him notice and an opportunity to be heard constituted a denial of due process.

This action stems from the events surrounding SCDC's alteration of Tant's sentence from fifteen years to forty years.

---

[1] This court previously granted the defendants' motions for summary judgment on Tant's federal claims and remanded the matter to state court for consideration of the state law claims.  See Tant v. Frick, C/A No. 3:12-3020-JFA-PJG, 2014 WL 4417372 (D.S.C. Sept. 8, 2014).  Following remand to the Richland County Court of Common Pleas, Tant moved for and was granted leave to file a Supplemental Complaint, which included additional defendants, an additional claim for false imprisonment, a new federal claim under 42 U.S.C. § 1983, and a "claim" for attorney's fees pursuant to S.C. Code Ann. § 15-77-300.  In light of the newly added federal cause of action, the defendants again removed the action to federal district court.

## DISCUSSION

A.     **Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

B.     **Defendant SCDC's Motion**

In pertinent part, S.C. Code Ann. § 15-77-300 provides as follows:

(A) In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, unless the prevailing party is the State or any political subdivision of the State, the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
     (1) the court finds that the agency acted without substantial justification in
     pressing its claim against the party; and
     (2) the court finds that there are no special circumstances that would make
     the award of attorney's fees unjust.

> The agency is presumed to be substantially justified in pressing its claim against the party if the agency follows a statutory or constitutional mandate that has not been invalidated by a court of competent jurisdiction.

SCDC offers several reasons in support of its motion; however, the court finds that Tant's request for attorney's fees and costs is not properly before the court. As indicated in S.C. Code Ann. § 15-77-310, a party seeking fees under § 15-77-300 "shall petition for the attorney's fees within thirty days following final disposition of the case. The petition must be supported by an affidavit setting forth the basis for the request." S.C. Code Ann. § 15-77-310; McDowell v. S.C. Dep't of Soc. Servs., 386 S.E.2d 280, 281 (S.C. Ct. App. 1989); see also Brackenbrook N. Charleston, LP v. Cty. of Charleston, 623 S.E.2d 91, 93 (S.C. 2005). Moreover, the South Carolina Supreme Court has explained that "[w]here there has been an appeal, 'final disposition of the case' occurs when the remittitur is filed in the circuit court." Brackenbrook N. Charleston, 623 S.E.2d at 93.

In this case, Tant clearly seeks to "recover his attorneys fees and costs in pursuing the inmate grievance process and throughout the appellate proceedings, up to and including July 11, 2014, when the South Carolina Supreme Court denied a petition by SCDC to amend its opinion dated May 28, 2014." (Suppl. Comp. ¶ 31, ECF No. 1-1 at 7.) Thus, Tant seeks attorney's fees and costs associated with a previous case that is not the instant action, Tant v. S.C. Dep't of Corr., 759 S.E.2d 398 (S.C. 2014). Therefore, his "petition" is not properly before this court. Moreover, Tant's Supplemental Complaint was filed on July 2, 2015 and Tant's request does not comply with the thirty-day requirement or the affidavit requirement set forth in S.C. Code Ann. § 15-77-310 for a petition for relief under § 15-77-300.

**RECOMMENDATION**

For all of these reasons, SCDC's motion to dismiss (ECF No. 11) this request for relief should be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 23, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).