#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### COLUMBIA DIVISION

| | | |
|---|---|---|
| David Ray Tant, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action No. 3:15-03001-MBS |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| William Frick; South Carolina Office of the Attorney General; South Carolina Department of Probation, Parole, and Pardon Services; Larry Ray Patton, Jr.; John Does 1-5, *who are believed to be officers and/or employees of the South Carolina Department of Probation, Parole and Pardon Services*; Orton Bellamy; C. David Baxter; Henry S. Eldridge; Marvin Stevenson; Norris Ashford; Beverly Rice McAdams; Solicitor's Office for the Sixth Judicial Circuit; and South Carolina Department of Corrections, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff David Ray Tant ("Plaintiff") is a former state prisoner, proceeding against the above named defendants ("Defendants") on several claims related to the alteration of his prison sentence following a criminal conviction.[1] *See* Suppl. Comp., ECF No. 1-1. Plaintiff's "Ninth Cause of Action" alleges that he has incurred attorney's fees and costs in contesting the actions of Defendant South Carolina Department of Corrections ("SCDC") and Defendant South Carolina

---

[1] In 2004, Plaintiff pleaded guilty to assault and battery of a high and aggravated nature, possession of a dangerous animal, and numerous counts of animal fighting. SCDC recorded Plaintiff's sentence as fifteen years' imprisonment but later SCDC changed the sentence to forty years' imprisonment after reinterpreting the sentencing judge's ruling. Plaintiff administratively challenged SCDC's ruling, and, after seven years of litigation in the South Carolina Administrative Law Court and the South Carolina Court of Appeals, the South Carolina Supreme Court ruled that Plaintiff's sentence should have been fifteen years' imprisonment concurrent on all counts. *Tant v. S.C. Dep't of Corr.*, 759 S.E.2d 398, 399 (S.C. 2014).

Department of Probation, Parole, and Pardon Services ("SCDPPPS") "in increasing his sentence" and "refusing to correct records, both before and after the [South Carolina] Court of Appeals confirmed that Plaintiff was correct in his assertions." *Id.* at 6-7. In his Ninth Cause of Action, Plaintiff seeks attorney's fees and costs pursuant to S.C. Code Ann. § 15-77-300.

This matter is before the court on SCDC's motion to dismiss, filed August 5, 2015. ECF No. 11. SCDC contends that the court should dismiss Plaintiff's Ninth Cause of Action because Plaintiff's claim runs afoul of S.C. Code Ann. § 15-77-300.[2] *Id.* On September 8, 2015, Plaintiff submitted a response in opposition to SCDC's motion to dismiss. ECF No. 19. SCDC filed a reply on September 18, 2015. ECF No. 22. In its reply, SCDC argues, among other things, that the court should grant its motion because Plaintiff's petition for attorney's fees and costs is time-barred. *Id.* at 2-3.

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On November 23, 2015, the Magistrate Judge entered a Report and Recommendation. ECF No. 25. The Magistrate Judge observed that according to S.C. Code Ann. § 15-77-310, Plaintiff, as a party seeking attorney's fees and costs under Section 15-77-300, was required to "petition for the attorney's fees within thirty days following final disposition of the case." ECF No. 25 at 4 (citing S.C. Code Ann. § 15-77-310; *McDowell v. S.C. Dep't of Soc. Servs.*, 386 S.E.2d 280, 281 (S.C.

---

[2] Specifically, SCDC argues that (1) the South Carolina Tort Claims Act precludes an award under S.C. Code Ann. § 15-77-300; (2) the inmate grievance process is an administrative hearing conducted by SCDC, not a "civil action" as required by S.C. Code Ann. § 15-77-300; (3) SCDC did not act "without substantial justification" because it followed statutory and legal authority in processing, investigating, and reviewing Plaintiff's sentence; and (4) special circumstances exist that make awarding attorney's fees unjust. ECF No. 11.

Ct. App. 1989); *see also Brackenbrook N. Charleston, LP v. Cty. of Charleston*, 623 S.E.2d 91, 93 (S.C. 2005)).

The Magistrate Judge noted that Plaintiff seeks attorney's fees and costs "up to and including July 11, 2014, when the South Carolina Supreme Court denied a petition by SCDC to amend its opinion dated May 28, 2014." ECF No. 25 (citing Suppl. Comp. ¶ 31, ECF No. 1-1 at 7.). As a result, the Magistrate Judge concluded that Plaintiff seeks attorney's fees and costs related to the underlying state court administrative action. *See Tant v. S.C. Dep't of Corr.*, 759 S.E.2d 398 (S.C. 2014). Additionally, the Magistrate Judge decided that Plaintiff's Supplemental Complaint, filed June 2, 2015, did not comply with the thirty-day requirement set forth by S.C. Code Ann. § 15-77-310.

Based on this information, the Magistrate Judge ruled that Plaintiff's claim for attorney's fees and costs was not properly before the court. Accordingly, the Magistrate Judge recommended that the Court grant SCDC's Motion to Dismiss. ECF No. 25. On December 10, 2015, Plaintiff filed objections to the Report and Recommendation. ECF No. 27. On January 4, 2016, SCDC replied to Plaintiff's objections to the Report and Recommendation. ECF No. 29.

## **DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

First, Plaintiff objects on the grounds that the Magistrate Judge, *sua sponte*, ruled on the timeliness of Plaintiff's claim pursuant to S.C. Code Ann. § 15-77-310. Plaintiff contends that SCDC never raised the issue "in its motion or reply," and the Magistrate Judge reached her conclusion "without asking either party to research or brief the issue." ECF No. 27 at 3. Plaintiff is incorrect. SCDC argued about the timeliness of Plaintiff's claim in its reply brief. ECF No. 22 at 2. Specifically, SCDC charged that "Plaintiff may not bring such a claim against SCDC for the 'prior litigation'[3] because any such claim is time-barred and barred by the statutory laws of the state." *Id*. Accordingly, Plaintiff's objection is without merit.

Second, Plaintiff objects to the Magistrate Judge's finding that Plaintiff's claim was not timely raised. Plaintiff argues that the claim cannot be untimely because "there is no factual evidence or even allegation that the clerk of court of the court of common pleas ever properly filed the remittitur." ECF No. 27 at 5. Plaintiff further argues that there was no state action pending where an affidavit for attorney's fees could have been directly filed. *Id.* at 6. Instead, Plaintiff contends that this is the proper action to recover attorney's fees and costs because from its start, Plaintiff has sought "damages (including a demand for attorney fees from the initial filing)." *Id*. at 8. To this point, Plaintiff holds that his claim is timely because he has been subject to continuing attorney's fees and costs since the filing of this action, and, under Federal Rule of Civil Procedure 15(c)(1),[4] the Supplemental Complaint relates back to the original filing of this action, "*i.e.*, August 30, 2012, or at the latest, upon first removal to this Court on October 18, 2012." *Id*. at 7.

---

[3] 'Prior litigation' references *Tant v. S.C. Dep't of Corr.*, 759 S.E.2d 398 (S.C. 2014).
[4] Federal Rule of Civil Procedure 15(c)(1) holds, in part: "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (b) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Federal Rule of Civil Procedure 15(c)(1) is inapposite. As the Magistrate Judge properly noted, "[w]here there has been an appeal, 'final disposition of the case' occurs when the remittitur is filed in the [lower court]." *Brackenbrook N. Charleston*, 623 S.E.2d at 93. Here, on July 10, 2014, the South Carolina Supreme Court issued a remittitur and, according to SCDC, that same day, the remittitur was also filed in the Administrative Law Court. *See* ECF No. 29-1. Following the filing of this remittitur, Plaintiff had until August 11, 2014 to file for attorney's fees and costs. Plaintiff did not file a timely petition for attorney's fees and costs as required by S.C. Code Ann. § 15-77-310. Accordingly, Plaintiff's objection is without merit.

## CONCLUSION

The court adopts and incorporates herein by reference the Report and Recommendation, ECF No. 25. SCDC's motion to dismiss, ECF No. 11, is **granted**. The case is recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
Dated:   March 30, 2016